# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 14 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**ANGELA WALLER**

(Print your full name)

Plaintiff *pro se*,

v.

**DELECE BROOKS AND**

**CHIEF JUDGE DAVID IMAHARA, IN THEIR**

**OFFICIAL AND INDIVIDUAL CAPACITIES**

(Print full name of each defendant; an employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

1:21-CV-4298

(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

   _____ Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

   **NOTE**: To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

|  | Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute. |
|---|---|

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

|  | Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute. |
|---|---|

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

| __X__ | Other (describe)  __42 U.S.C. § 1981 via 42 U.S.C. § 1983__ |
|---|---|

for discrimination and retaliation against Plaintiff on the basis of her race (African American) with regard to the making and enforcing of her employment agreement with Defendants.

42 U.S.C. § 1983 – Denial of Equal Protection of the Laws on the Basis of Race in Violation of the Fourteenth Amendment to the United States Constitution

2. This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3. Plaintiff.   Print your full name and mailing address below:

   Name: Angela Waller

   Address: 2550 Thunder Basin Way

   Douglasville, Georgia 30134

4. Defendant(s).   Print below the name and address of each defendant listed on page 1 of this form:

   Name: Delece Brooks, in her official and individual capacities

   Address: State Board of Workers' Compensation

   270 W Peachtree St NW, Atlanta, GA 30303

   Name: Chief Judge David Imahara, in his official and individual capacities

   Address: State Board of Workers' Compensation

   270 W Peachtree St NW, Atlanta, GA 30303

   Name: 

   Address: 

## Location and Time

5. If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

   The unlawful acts alleged herein occurred at the same location provided for the Defendants above.

6. When did the alleged discrimination occur? (State date or time period)

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981 via 42 U.S.C. § 1983 and the

Fourteenth Amendment to the United States Constitution between 2016 and the present.

## Administrative Procedures

7. Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?    __X__ Yes    _____ No

    If you checked "Yes," attach a copy of the charge to this complaint.

    EEOC Charge of Discriminated dated April 15, 2019, attached.

8. Have you received a Notice of Right-to-Sue letter from the EEOC?

    __X__ Yes    __X__ No    The EEOC's investigation remains ongoing. Plaintiff will amend her lawsuit to add claims under Title VII of the Civil Rights Act of 1964 once she receives a Right to Sue.

    If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:

    _____

9. If you are suing for **age discrimination**, check one of the following:

    _____ 60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

    _____ Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10. If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

    \_\_\_\_ Yes      \_\_X\_\_ No      \_\_\_\_ Not applicable, because I was not an employee of, or applicant with, a State agency.

    If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

    _____
    _____
    _____
    _____

11. If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

    \_\_\_\_ Yes      \_\_\_\_ No      \_\_X\_\_ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

    If you checked "Yes," describe below what happened in that administrative process:

    _____
    _____
    _____
    _____

## Nature of the Case

12. The conduct complained about in this lawsuit involves (check only those that apply):

    |        |                                                                                       |
    |--------|---------------------------------------------------------------------------------------|
    | _____  | failure to hire me                                                                    |
    | X      | failure to promote me                                                                 |
    | _____  | demotion                                                                              |
    | X      | reduction in my wages                                                                 |
    | X      | working under terms and conditions of employment that differed from similarly situated employees |
    | X      | harassment                                                                            |
    | x      | retaliation                                                                           |
    | _____  | termination of my employment                                                          |
    | _____  | failure to accommodate my disability                                                  |
    | _____  | other (please specify) _____                                |

13. I believe that I was discriminated against because of (check only those that apply):

    | | |
    |---|---|
    | X | my race or color, which is  African American |
    | _____ | my religion, which is _____ |
    | _____ | my sex (gender), which is _____ male _____ female |
    | _____ | my national origin, which is _____ |
    | _____ | my age (my date of birth is _____ ) |
    | _____ | my disability or perceived disability, which is: _____ |
    | X | my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation |
    | _____ | other (please specify) _____ |

14. Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. Include any facts which show that the actions you are complaining about were discriminatory or retaliatory. Take time to organize your statements; you may use numbered paragraphs if you find that helpful. Do not make legal arguments or cite cases or statutes.

Please see the attached narrative.

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

15. Plaintiff   __X__   still works for defendant(s)
     _____   no longer works for defendant(s) or was not hired

16. If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?   _____ Yes   __X__ No

    If you checked "Yes," please explain: _____

    _____

    _____

    _____

    _____

17. If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?   __X__ Yes   _____ No

## Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

__X__   Defendant(s) be directed to /enjoined from committing similar violations of Plaintiff's federally protected rights

__X__   Money damages (list amounts) back pay, front pay (including all lost wages, benefits and pay increases), pre/post judgment interest, compensatory damages to be determined by a jury, and punitive damages against Defendants Brooks and Imahara.

__X__   Costs and fees involved in litigating this case

__X__   Such other relief as my be appropriate

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 14th day of October, 20 21

*Angela M Waller* 10/14/2021
943EE8FD78C5487...

(Signature of plaintiff *pro se*)

Angela Waller
(Printed name of plaintiff *pro se*)

2550 Thunder Basin Way
(street address)

Douglasville, Georgia 30134
(City, State, and zip code)

aew1119@yahoo.com
(email address)

(404) 710-8359 / (404) 483-2661
(telephone number)

## ATTACHMENT TO ANGELA WALLER PRO SE COMPLAINT
## FACTUAL NARRATIVE

Angela Waller has been employed by the Georgia State Board of Workers Compensation ("SBWC") since 1998 as a Legal Secretary 2 ("LS2") in SBWC's Atlanta office. Although the legal secretaries at SBWC report directly to Administrative Law Judge(s) ("ALJ"), SBWC's Executive Director/Chief Operating Officer, Delece Brooks (Caucasian), is the ultimate decisionmaker regarding employee salaries and promotions, along with Chief Judge David Imahara (Asian American). Ms. Waller has not received a promotion in the entire time that she has worked for SBWC. She is African American.

Between 2016-2018, at least five similarly situated Caucasian or Hispanic employees were transferred, given raises, or promoted to positions made available to only them, or were created specifically for them. Each of those individuals is currently paid considerably more than Ms. Waller. In each case, because the position was not announced or posted, Ms. Waller was denied the opportunity to even be considered for the promotion or transfer. In 2016, after Ms. Waller learned that a Caucasian employee, Heather Williamson, was promoted to a Deputy Director position that had not been posted, she put up a sign that said, "BLACK LIVELIHOODS MATTER," on a visible file cabinet near her desk in opposition to SBWC's disparate treatment and pay of African American employees. Shortly thereafter, Ms. Waller met with Chief Judge David Imahara and Judge Viola Drew, and complained that Caucasian employees were given better pay and opportunities than African American employees. Ms. Waller was later informed that Ms. Brooks wanted to fire her for posting the file cabinet sign. Ms. Waller also learned that her 2016 performance review was intentionally altered by Ms. Brooks and Judge Imahara to retaliate against her and to prevent her from being considered for a promotion. Ms. Waller made similar complaints of disparate treatment and pay to Ms. Brooks and Judge Imahara in early 2017, after she was assigned to two Atlanta ALJs and began handling an unprecedented caseload. Each time, Ms. Waller's complaints of discrimination were ignored. In August 2018, a Caucasian LS2, Catherine Grady, was promoted from a position in Savannah to an unposted Executive Secretary position in Atlanta. Ms. Waller was not given the opportunity to even interview for the position.

In February 2019, Ms. Waller learned that the salary of a Caucasian LS2, Kathryn Bailey, increased 18% between 2017-2018 after she transferred to SBWC's Gainesville office (which has a significantly lighter case load) at her request. Ms. Waller met with Chief Judge Imahara and Judge Drew to complain about the discriminatory disparate pay. Ms. Waller asked if, given her double case load working for two ALJs, she could be promoted to Lead Secretary. Ms. Waller was told that she would never be made Lead Secretary, but if anyone else had her workload, they would be made Lead Secretary. Ms. Waller understood this to mean that Ms. Brooks would not promote her to Lead Secretary because she opposed SWBC's discriminatory disparate pay practices in 2016. Additionally, Ms. Waller was told that if she reduced her workload to just one ALJ, her salary would be reduced. Caucasian LS2s, including Kathryn Bailey, have gone from working from two ALJs to one ALJ and their salary was not reduced.

*[signature: Angela Waller]*
DocuSigned by:
943EE8FD78C5487...
Angela Waller    10/14/2021

## ATTACHMENT TO ANGELA WALLER PRO SE COMPLAINT
## FACTUAL NARRATIVE

Angela Waller has been employed by the Georgia State Board of Workers Compensation ("SBWC") since 1998 as a Legal Secretary 2 ("LS2") in SBWC's Atlanta office. Although the legal secretaries at SBWC report directly to Administrative Law Judge(s) ("ALJ"), SBWC's Executive Director/Chief Operating Officer, Delece Brooks (Caucasian), is the ultimate decisionmaker regarding employee salaries and promotions, along with Chief Judge David Imahara (Asian American). Ms. Waller has not received a promotion in the entire time that she has worked for SBWC. She is African American.

Between 2016-2018, at least five similarly situated Caucasian or Hispanic employees were transferred, given raises, or promoted to positions made available to only them, or were created specifically for them. Each of those individuals is currently paid considerably more than Ms. Waller. In each case, because the position was not announced or posted, Ms. Waller was denied the opportunity to even be considered for the promotion or transfer. In 2016, after Ms. Waller learned that a Caucasian employee, Heather Williamson, was promoted to a Deputy Director position that had not been posted, she put up a sign that said, "BLACK LIVELIHOODS MATTER," on a visible file cabinet near her desk in opposition to SBWC's disparate treatment and pay of African American employees. Shortly thereafter, Ms. Waller met with Chief Judge David Imahara and Judge Viola Drew, and complained that Caucasian employees were given better pay and opportunities than African American employees. Ms. Waller was later informed that Ms. Brooks wanted to fire her for posting the file cabinet sign. Ms. Waller also learned that her 2016 performance review was intentionally altered by Ms. Brooks and Judge Imahara to retaliate against her and to prevent her from being considered for a promotion. Ms. Waller made similar complaints of disparate treatment and pay to Ms. Brooks and Judge Imahara in early 2017, after she was assigned to two Atlanta ALJs and began handling an unprecedented caseload. Each time, Ms. Waller's complaints of discrimination were ignored. In August 2018, a Caucasian LS2, Catherine Grady, was promoted from a position in Savannah to an unposted Executive Secretary position in Atlanta. Ms. Waller was not given the opportunity to even interview for the position.

In February 2019, Ms. Waller learned that the salary of a Caucasian LS2, Kathryn Bailey, increased 18% between 2017-2018 after she transferred to SBWC's Gainesville office (which has a significantly lighter case load) at her request. Ms. Waller met with Chief Judge Imahara and Judge Drew to complain about the discriminatory disparate pay. Ms. Waller asked if, given her double case load working for two ALJs, she could be promoted to Lead Secretary. Ms. Waller was told that she would never be made Lead Secretary, but if anyone else had her workload, they would be made Lead Secretary. Ms. Waller understood this to mean that Ms. Brooks would not promote her to Lead Secretary because she opposed SWBC's discriminatory disparate pay practices in 2016. Additionally, Ms. Waller was told that if she reduced her workload to just one ALJ, her salary would be reduced. Caucasian LS2s, including Kathryn Bailey, have gone from working from two ALJs to one ALJ and their salary was not reduced.

DocuSigned by:

Angela Waller  10/14/2021
943EE8FD78C5487...

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse side before completing this form. | ENTER CHARGE NUMBER<br>☐ FEPA<br>☒ EEOC |
|---|---|

_____ and EEOC
(State or local agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.]<br>Ms. Angela Waller | Home Telephone No.<br>(404) 483-2661 | |
|---|---|---|
| STREET ADDRESS (CITY, STATE AND ZIP CODE, COUNTY)<br>2550 Thunder Basin Way, Douglasville, GA 30135, Douglas County | | D.O.B. (if age claim) |

NAME IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*If more than one list below.*)

| NAME<br>State Board of Workers Compensation | NO. OF EMPLOYEES/MEMBERS<br>100+ | TELEPHONE NUMBER<br>(404) 656-2048 |
|---|---|---|
| STREET ADDRESS   CITY, STATE AND ZIP CODE<br>270 Peachtree Street NW, Atlanta, GA 30303-1299 | | |

| CAUSE OF DISCRIMINATION BASED ON (*Check appropriate box(es)*)<br>_X_ RACE __ COLOR __SEX __ RELIGION __ NATIONAL ORIGIN<br>_X_ RETALIATION __ AGE __DISABILITY __GENETIC INFORMATION<br>__OTHER (Specify) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (*Month, day, year*) |
|---|---|

I have been employed by the Georgia State Board of Workers Compensation ("SBWC") since 1998 as a Legal Secretary 2 ("LS2") in SBWC's Atlanta office. Although the legal secretaries at SBWC report directly to Administrative Law Judge(s) ("ALJ"), SBWC's Executive Director/Chief Operating Officer, Delece Brooks (Caucasian), is the ultimate decisionmaker regarding employee salaries and promotions. I have not received a promotion in the entire time that I have worked for SBWC. I am African American.

Between 2016-2018, at least five similarly situated Caucasian or Hispanic LS2s have been transferred, given raises, or promoted to positions made available to only them, or were created specifically for them. Each of those individuals are currently paid considerably more than I am. In each case, because the position was not announced or posted, I was denied the opportunity to even be considered for the promotion or transfer. In 2016, after I learned that a Caucasian LS2 was promoted to a Deputy Director position that had not been not posted, I put up a sign that said, "BLACK LIVELIHOODS MATTER," on a visible file cabinet near my desk in opposition to SBWC's disparate treatment and pay of African American employees. Shortly thereafter, I met with Chief ALJ David Imahara (Asian American) and ALJ Viola Drew, and complained that Caucasian LS2s were given better pay and opportunities than African American ALJs. I was later informed that Ms. Brooks wanted to fire me for posting the file cabinet sign. I also learned that my 2016 performance review was intentionally altered by Ms. Brooks so that I could not be considered for a promotion. I made similar complaints of disparate treatment and pay to Ms. Brooks and Judge Imahara in early 2017, after I was assigned to two Atlanta ALJs and began handling an unprecedented caseload. Each time, my complaints of discrimination were ignored. On October 15, 2018, a Caucasian LS2 was promoted from a position in Savannah to an unposted Executive Secretary position in Atlanta.

In February 2019, I learned that the salary of a Caucasian LS2 increased 18% between 2017-2018 after she transferred to SBWC's Gainesville office (which has a significantly lighter case load) at her request. I met with Chief Judge Imahara and Judge Drew to complain about the discriminatory disparate pay. I asked if, given my double case load working for two ALJs, I could be promoted to Lead Secretary. I told that I would never be made Lead Secretary, but if anyone else had my workload, they would be made Lead Secretary. I understood this to mean that Ms. Brooks will not promote me to Lead Secretary because I opposed SWBC's discriminatory disparate pay practices in 2016. Additionally, I was told that if I reduced my workload to just one ALJ, my salary would be reduced. Caucasian LS2s have gone from working from two ALJs to one ALJ and their salary was not reduced.

I believe that I have been subjected to discrimination on the basis of my race (African American) and retaliated against for engaging in protected conduct in violation of Title VII of the Civil Rights Act of 1964, as amended.
(SIGNATURE ON NEXT PAGE)

| | |
|---|---|
| ☐ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
| I declare under penalty of perjury that the foregoing is true and correct.<br>Date          Charging Party (Signature)<br>4/15/2019<br>DocuSigned by:<br>*Angela M. Allen*<br>943EE8FD78C5487... | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974, Public Law 93-579: Authority for requesting the personal data and the uses are given below.)

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, CHARGE OF DISCRIMINATION, March 1984.

2. AUTHORITY. 42 U.S.C.§ 2000e-5(b), 29 U.S.C. §211, 29 U.S.C.§ 626.

3. PRINCIPAL PURPOSE (S). The purpose of the charge, whether recorded initially on this form or in some other way reduced to writing and later recorded on this form, is to invoke the jurisdiction of the Commission.

4. ROUTINE USES. This form is used to determine the existence of facts which fall within the Commission's jurisdiction to investigate, determine, conciliate and litigate charges of unlawful employment practice. Information provided on this form will be used by Commission employees to guide the Commission's investigatory activities. This form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. A copy of this charge will ordinarily be served upon the person against whom the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Charges must be in writing and should identify the parties and action or policy complained of. Failure to have a charge which identifies the parties in writing may result in the Commission not accepting the charge. Charges under Title VII must be sworn to or affirmed. Charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to provide the requested information.

6. [ ] Under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, this charge will be deferred to and will be processed by the State or local agency indicated. Upon completion of the agency's processing, you will be notified of its final resolution in your case. If you wish EEOC to give Substantial Weight Review to the agency's findings, you must send us a request to do so, in writing, within fifteen (15) days of your receipt of the agency's finding. Otherwise, we will adopt the agency's finding as EEOC's and close your case.

NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of the Civil Rights Act of 1964, as amended, and Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended, state:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed a practice made an unlawful employment practice by this title or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or bearing under this title.

The Equal Pay Act of 1963 contains similar provisions. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made.